JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1333 AG (RNBx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | RONNIE LYLES v. DEUTSCHE BANK NATIONAL TRUST COMPANY, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**     [IN CHAMBERS] ORDER REMANDING CASE

For the reasons that follow, this case is REMANDED to the California Superior Court, County of Orange.

Plaintiff Deutsche Bank National Trust Company ("Plaintiff") (improperly listed as Defendant in the Notice of Removal) filed a Complaint for unlawful detainer in state court, seeking to evict the defendants from foreclosed property ("Property") and requesting related damages.

Defendant Ronnie Lyles ("Defendant") now file a Notice of Removal ("Notice") to remove the unlawful detainer action to this Court.  Defendant claims that removal is proper under 28 U.S.C. § 1443, which authorizes removal of cases that are

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1333 AG (RNBx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | RONNIE LYLES v. DEUTSCHE BANK NATIONAL TRUST COMPANY, et al. | | |

    (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Courts must apply a two-part test to determine whether a case is properly removed under § 1443(1). *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Here, Defendant claims that California state courts discriminate against people of color such as himself by enforcing evictions following foreclosure, regardless of the actual legality of the foreclosure proceeding. "In other words, people of color, who are occupants of homes subject to eviction in Orange County, California, are a discrete and insular minority whose politically powerless status gives them no standing or ability to fight eviction." (Notice of Removal, 2:25-28.) Defendant also claims that he will show that the state attorneys and judges engage in targeted discrimination against people of color.

This is insufficient to justify removal. As an initial matter, Defendant has failed to show that he asserted, as a defense to the unlawful detainer action, "rights [] given to [him] by [an] explicit statutory enactment protecting equal racial civil rights." *Id.* But even if he had, removal would still not be justified because Defendant has failed to cite any "state [law] that purports to command [California] state courts to ignore federal the federal rights." *Id.* Thus, removal under Section 1443 is not appropriate.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1333 AG (RNBx) | Date | August 20, 2012 |
|---|---|---|---|
| Title | RONNIE LYLES v. DEUTSCHE BANK NATIONAL TRUST COMPANY, et al. | | |

In closing, the Court reminds Defendant that "[s]peedy adjudication is desirable [in unlawful detainer actions] to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases raises the concerns stated in *Lindsey*. Defendant is cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she [was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

**DISPOSITION**

Defendant fails to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　: 0

Initials of Preparer　　lmb